Lingerman *v.* Todd.

LINGERMAN *v.* TODD.

Where *A* and *B* agree to exchange lands, and the contract is fully
   executed by *A*, but *B*, by reason of his own acts, done in fraud of
   the rights of *A*, is in such situation that it is impossible for him to
   execute the contract, or for *A* to rescind it, and be placed *in statu
   quo*, *A* may disregard his right to have specific performance and
   sue for the damages he sustained by *B's* non-performance.

APPEAL from the *Hendricks* Circuit Court.

HANNA, J.—The parties exchanged lands on the 1st day of
*March*, 1856. On that day *Todd* conveyed the land, situate
in *Iowa*, by him so traded to *Lingerman*, which, it is averred,
was worth 2,400 dollars, and received on that day a deed for
a certain described tract of land in *Hendricks* county, which,
it is averred, was worth and received at 1,200 dollars, and that
the other 1,200 dollars was to be paid in another certain tract
of land in said last named county, which was held by said
*Lingerman* by a title bond of one *Sellers*, which bond was as-
signed at that time to said *Todd;* that it was dated *August*
17, 1854, and was for land the title to which was in the wife
of said *Sellers*, and she was a minor at the date of the bond
and at the time of the contract between the plaintiff and the
defendant; the deed was to be made *March* 1, 1859; that
it was then demanded, but not made; that defendant fraud-
ulently represented to said *Todd* that said *Sellers* and wife
would execute said deed when she arrived at age, and con-
cealed from him the fact, known to defendant at the time of
said contract, that said *Sellers* had before then notified said
defendant that they would not make said conveyance; that
said defendant had transferred said *Iowa* lands; plaintiff,
therefore, in *October*, 1860, offered to return said title bond of
said *Sellers*, &c.

The second paragraph of the complaint is similar to the
first, except that in addition it avers the insolvency of said

Lingerman *v.* Todd.

*Sellers,* and that said bond had been obtained of him by fraud by said defendant, setting out the facts.

Demurrers were overruled to these paragraphs. This raises the first point.

The second paragraph was certainly good. The plaintiff could not enforce a specific performance of the contract evidenced by said bond, because the person in whom the title to the land was, was not a party to the contract. He shows a sufficient excuse for not suing the obligor in said bond, namely, his insolvency. He could not rescind the contract, because the property conveyed to defendant had passed out of his possession and could not be returned to the plaintiff. It is not necessary to examine the validity of the first paragraph, because the finding of the Court was special, and shows it was upon and directed to the facts pleaded in said second paragraph, and therefore the ruling upon the first could not have injured the defendant, even if erroneous, on which we decide nothing.

Answer: 1. Denial. 2. Want of diligence in suing on or returning said title bond. 3. After the refusal of *Sellers* to make said deed said defendant offered to plaintiff to procure the same of said *Sellers* and wife for plaintiff, by paying them an additional sum, but plaintiff declined to accept one if procured. 4. Said *Sellers* was solvent and had no legal defence to said bond at its maturity, and long afterwards, but the plaintiff had for 18 months neglected to sue, &c.

A demurrer was sustained to the third paragraph of the answer.

Reply to second and fourth paragraphs: 1. Denial. 2. That the bond was valueless because of the fraud in its procurement, and of the insolvency of the obligor at maturity.

The Court found, 1. That the said title bond was transferred by defendant to plaintiff as a part of the consideration of the land conveyed to defendant. 2. That defendant pro-

cured said bond of *Sellers* by such misrepresentation of facts and false statements as exonerated him from any obligation to cause said land to be conveyed. 3. That *Sellers* and wife, as soon as said misrepresentations, &c., were ascertained, notified the defendant that they proposed and desired to rescind, and, as soon as an opportunity occurred, offered to rescind by tendering back the consideration received. 4. That after said tender, &c., the defendant sold and transferred said title bond to the plaintiff, without informing him, &c. 5. That as soon as the plaintiff was fully apprised of said defence to the bond he tendered it to the defendant, &c. 6. That before the time last aforesaid the defendant had sold said lands in *Iowa*, and plaintiff had sold the lands conveyed to him by the defendant. And the Court finds that the above facts entitle the plaintiff to recover the value of the land described in said title bond, to-wit: 800 dollars.

A question, now presented and pressed, is that the plaintiff does not show a case in which he was entitled to recover, because of the lapse of time. The suit was instituted on the 24th of *October*, 1860, something over 20 months after the bond matured.

We have carefully examined the evidence, and believe that it tends to sustain the several findings of the Court, and we can not therefore disturb them, because the suit was not instituted until after such lapse of time. Some stress is laid upon the failure of the plaintiff to state or prove that the consideration, given by defendant to *Sellers* for the land described in the title bond, was tendered or returned to defendant. That consideration was several shares of railroad stock. The certificate for the same was averred and shown to have been assigned by writing, on the back of it, to *Sellers* by defendant. The certificate itself shows that the stock was only transferable by assignment on the books of the company upon the return of said certificate. The assignment made was

therefore no more than equitable, and the certificate, it is averred and shown, was tendered back.   There is no account or proof that there was any transfer on the books.

The difficulty appears to have grown out of the depreciation of this stock before suit was brought.   Of this defendant should not complain, for *Sellers*, within one month, notified him that the terms of the bond would not be complied with, and afterwards offered back said certificate of stock, the legal title of which had all the time been in the defendant.

It is shown by the bill of exceptions, that whilst the issues were being settled the Court overruled a demurrer to the third paragraph of the answer, but after hearing the evidence, and in rendering the decision directed the Clerk to change the entry upon that point to a ruling sustaining the demurrer.   In the meantime there had been evidence tending to show that the defendant had offered to get a conveyance of land at some time after the breach of said bond, if the plaintiff would accept of the same, which proposition he declined entertaining. Was the ruling correct?   It is worthy of notice that the evidence did not show distinctly whether it was the *Sellers* land or not that the defendant offered to procure a deed for.   The language of the witness was:   "In *April* I heard the defendant offer to get a deed to the plaintiff to land."   This is spoken somewhat in connection with the value of said *Sellers'* land.   But there had been other evidence showing that the defendant had expressed the belief that he could get back some of the *Iowa* lands again to let the plaintiff have.   So that whether there was really any evidence in reference to the issues which had been made on the third paragraph, we can scarcely say.   But a mere offer to procure, or attempt to procure, the transfer of the land named in the bond, should not have prevented a suit on the same, unless accepted, or accompanied by acts, even if the latter would defeat such suit, of which we decide nothing.   The order did not injure the de-

fendant, and therefore he can not complain, even if the action is irregular or erroneous.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages and costs.

*Newcomb & Tarkington,* for the appellant.

*Nave & Witherow,* for the appellee.